**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MINNESOTA LIFE INSURANCE COMPANY**                                                  **PLAINTIFF**

v.                                                              **CIVIL ACTION NO.: 1:21-CV-00140-TBM-MTP**

**JAMES L. DAVIS, III, in his capacity as**
**GUARDIAN OF TERELLE JOHNSON,**
**ELVIN JOHNSON, AND ZANUEL JOHNSON in**
**his capacity as EXECUTOR OF THE ESTATE**
**OF SHERRY L. JOHNSON, DECEASED**                                                  **DEFENDANTS**

## AGREED JUDGMENT OF DISMISSAL WITH PREJUDICE

This cause came on for hearing on the motion by the parties to dismiss Minnesota Life Insurance Company ("Minnesota Life") with prejudice and to discharge any claims against Minnesota Life, and the Court, being fully advised on the premises, finds as follows:

1. This cause is a civil action for interpleader governed by Fed. R. Civ. P. 22 inasmuch as it involves persons with adverse claims for life insurance benefits under a policy of insurance issued by Minnesota Life, which is, or may be, exposed to multiple liability for death benefits on the life of Sherry L. Johnson ("Ms. Johnson" or "Decedent").

2. Ms. Johnson had obtained employee term life insurance through her employer, Mississippi State and School Employee's Life Insurance Plan, issued by Minnesota Life insuring her life for $100,000. Ms. Johnson's benefit schedule also included an employee accidental death and dismemberment rider, providing an additional $100,000 of coverage.

3. Ms. Johnson named her son, Terelle, as the primary beneficiary to receive 100% of the benefits. Ms. Johnson also named her brother, Elvin, as the contingent beneficiary.

4. On June 3, 2018, Terelle killed Ms. Johnson through blunt and sharp force injuries. The Stone County Coroner ruled the death a homicide. Terelle has been indicted by the grand jury of Stone County for the murder and is currently awaiting trial.

5. Both Elvin and Ms. Johnson's Estate have asserted that Terelle cannot receive the insurance benefits due to the potential applicability of Mississippi's Slayer Statue. They have both requested the funds be paid to them.

6. Terelle's attorney and appointed guardian *ad litem*, James L. Davis, III, has also requested the funds be paid over to him, arguing that he is not prohibited under Mississippi law from receiving the insurance benefits because he was suffering from a severe mental illness at the time of the killing. Davis provided Minnesota Life a psychiatric evaluation of Terelle and made a demand for the $200,000 benefits under the Policy.

7. At issue is that a hearing has not yet been conducted in either the estate matter or in the criminal matter in which Terelle's mental status at the time of the killing has been adjudicated. Under Mississippi law, a hearing is necessary to determine the mental status of an heir and applicability of Slayer Statute. *See*, *Est. of Armstrong v. Armstrong*, 170 So. 3d 510 (Miss. 2015). Because Terelle's mental status has not been adjudicated at this time, there is an unresolved legal issue as to whether or not the statute would bar Terelle from receiving benefits under the Policy. If he is barred from taking benefits under the Policy due to the statute or other applicable law, then Elvin, the contingent beneficiary, would be entitled to the proceeds.[1]

8. Minnesota Life therefore is justifiably uncertain as to whether payment of the $200,000 (plus interest) would subject it to multiple and vexatious litigation at some point in the

---

[1] The Estate of Sherry L. Johnson, Deceased, had previously asserted an interest in the proceeds, which is the reason it was joined in this action. However, the Estate did so before realizing the Policy named a contingent beneficiary. Recognizing that it does not have a viable claim, the Estate and the parties have agreed to its dismissal from the action.

2

future. Minnesota Life is unable to ascertain, without hazard to itself, who is entitled to the subject benefits and cannot pay the subject benefits without assuming the responsibility of determining doubtful questions of law and fact.

9. Minnesota Life claims no beneficial interest in the Policy benefits but is a mere stakeholder.

10. Minnesota Life has not in any respect collude with any of the Defendants touching the matters in this action.

11. Minnesota Life is, and at all times has been, willing ready and able to pay the person or persons legally entitled to receive the policy benefits and will deposit with the Clerk of the Court the amount of said funds plus any applicable interest.

12. Minnesota Life has been called upon to retain the undersigned attorney for purposes of protecting its interest in prosecuting this action. *See Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976) (noting that attorney's fees and costs are generally awarded to the party who initiates the interpleader as a mere disinterested stakeholder). Minnesota Life requests the award of $4,500.00 from the death benefits to pay for reasonable attorney's fees, costs, and other expenses, which Minnesota Life is compelled to expend in the prosecution of this Complaint for Interpleader and that Minnesota Life be allowed to withhold $4,500.00 before depositing the death benefits plus interest into the registry of this Court.

Accordingly, pursuant to the foregoing findings in the agreement of the parties, this Court ORDERS AND ADJUDGES as follows:

(a) That Defendant Elvin Johnson's counterclaim asserted against Minnesota Life is dismissed with prejudice, and that, while no claim remains against Minnesota Life, Elvin

Johnson's Answer and alternative relief styled (Claim Against Insurance Proceeds) specifically advances his claim to the insurance proceeds.

(b) That Defendants James L. Davis, III, in his capacity as Guardian of Terelle Johnson, and Elvin Johnson be required to interplead and assert their respective claims to the subject funds paid into the registry of the Court and settle among themselves their rights or claims thereto.

(c) That the sum of $200.000 (plus interest and minus attorney fees) to be deposited into the registry of the Court is the extent of Minnesota Life's liability to anyone with respect to the benefits of the Policy insuring Ms. Johnson, deceased.

(d) That the Defendants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns are hereby permanently enjoined and restrained from asserting, instituting, or prosecuting any and all demands, claims, actions, or causes of action against Minnesota Life, its agents, officers, trustees, employees, representatives, attorneys, successors, and assigns with regard to, pertaining to, or in any manner relating to or arising out of the subject life insurance policy in the funds related herein.

(e) That Minnesota Life Insurance Company is ordered to deposit $200,000 (plus interest) into the registry of the Court and the Clerk accept said sum, said sum representing the Policy benefits, plus accrued interest, minus attorney fees in the amount of $4,500.

(f) That upon the aforementioned deposit, Minnesota Life be finally dismissed from this action, with prejudice, and fully discharged from any further liability which in any manner may arise under the Policy and the funds held in this account.

(g) That there is no just reason for delay and expressly directs the entry of such final judgment of dismissal with prejudice of Minnesota Life pursuant to the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 25th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE

**AGREED AND SUBMITTED BY**:

  s/ Kelly D. Simpkins
Kelly D. Simpkins (MSB #9028)
Michael D. Anderson (MSB #105523)
**WELLS MARBLE & HURST, PLLC**
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
601-601-6913
ksimpkins@wellsmar.com
manderson@wellsmar.com

**Attorneys for Minnesota Life Insurance Company**

**AGREED AND APPROVED BY**:

  s/ James Davis, III
James L. Davis, III (MSB #5830)
**LAW OFFICES OF JIM DAVIS**
P.O. Box 1839
Gulfport, MS 39502
228-864-1588
JamesLDavisIII@aol.com

**Attorney for James L. Davis, III**
*in his capacity as Guardian of Terelle Johnson*

  s/ Joe Sam Owen
Joe Sam Owen
**OWEN AND OWEN, PLLC**
1414 25th Avenue (39501)
Gulfport, MS 39502
228-868-2821
jso@owen-owen.com

**Attorney for Elvin Johnson**

/279455